*Eastern Dist.
May, 1839.
LOWERY ET AL.
vs.
LAVILLEBEUVRE
ET AL.*

## LOWERY AND CO. *vs.* LAVILLEBEUVRE ET AL.

### APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the plaintiffs claim the *value* of certain property, seized by the defendants, as belonging to the common debtor, and consent that it be sold and receive the proceeds, they cannot recover the real value from the seizing creditors if it was sacrificed.

This is an action to recover from the defendants, who are seizing creditors, and the city marshal, the *value* of a quantity of champagne wine, which was seized in the hands of Eastman & Brothers, as their property, on an execution against them, in favor of Lavillebeuvre & Walton. The plaintiffs allege, that they were the true owners of the wine, and claim the *value* thereof from the seizing creditors. During the pendency of the suit, the wine was sold by consent of parties, at a great sacrifice, and the plaintiffs received the net proceeds, which fell far short of their demand. There was judgment for the defendants and the plaintiffs appealed.

EASTERN DIST.
May, 1839
─────────
LOWERY ET AL.
vs.
LAVILLEBEUVRE
ET AL.

*I. W. Smith,* for the plaintiffs, contended, 1. The judge *a quo* erred in considering this action as brought to recover the loss upon the sale of the wine in question. The petition shows the action was instituted to recover the value of the wine. The sale took place after this cause was put at issue.

2. The judge *a quo* erred in admitting H. H. Breen a witness for the defendants. The action claims damages caused by the tortious and illegal acts of the defendant, Beauregard, whose deputy in making the seizure, Breen was admitted to be. As such, he was clearly interested in clearing his principal from liability, resulting from the tortious and illegal acts of himself as agent.

3. The judge *a quo* erred in the interpretation given to the consent filed on the 21st of February. That agreement was made expressly " without prejudice to the rights of any party concerned." The plaintiffs seek to recover the value of the wine, proved to be worth at least one thousand and ninety-two dollars. The evidence shows that they have received of that sum only two hundred and five dollars forty-five cents. Judgment should have been in their favor for the balance of seven hundred and eighty-six dollars fifty-five cents, with costs. It is shown that the plaintiffs would not have received the wine without the insertion of the clause, " without prejudice," &c.

*Benjamin* and *M'Millen,* for the appellees.

*Eustis, J.,* delivered the opinion of the court.

This is a suit for the recovery of the value of a quantity of champagne wine, which was under seizure in the hands of the defendant, Beauregard, as marshal of the City Court, on an execution issued on a judgment, obtained by the defendants, Lavillebeuvre & Walton, against Eastman & Brothers, to whom the wine had been consigned by the plaintiffs. Beauregard pleaded the general issue and also that the wine was lawfully subject to the seizure made by the creditors of Eastman & Brothers, and that in taking it in execution he had acted under the directions of his co-defend-

ants; he calls them in warranty to defend the suit, and for relief against them.

EASTERN DIST.
*May,* 1839.

LOWERY ET AL.
*vs.*
LAVILLEBEUVRE
ET AL.

Previous to this demand in warranty, Lavillebeuvre & Walton, in their answer, disclaimed any right to hold the wine under the seizure, and alleged that they had directed the marshal to release it from the seizure, which was occasioned solely by the neglect of the plaintiff's agents, Eastman & Brothers, in not designating it to the seizing officer as their property. An agreement was entered of record by the consent of the attorneys of all the parties, by which the property claimed was to be delivered to the plaintiffs, without prejudice to the rights of any party concerned.

The wine does not appear to have been delivered under this agreement, but with the consent of the defendants' attorney, and at the request of the plaintiffs it was sold at public auction by the marshal, and the proceeds, two hundred and five dollars forty-five cents, were paid over to their attorney.

The court below rendered judgment in favor of the defendants, and the plaintiffs have appealed, and ask the reversal of the judgment, on the ground that they have a right to recover the sum of seven hundred and eighty-six dollars fifty-five cents, the difference between the value of the wine and the proceeds made under the sale. Lavillebeuvre & Walton alone are cited in the appeal. We think that the acts of the plaintiffs in relation to the sale of the wine and the receipt of the proceeds of the sale, necessarily changed their claim on the defendants for indemnity. The control they exercised over the property, precluded them from any recovery of its value. It was sold at their request, in a manner and time of which they were precluded from complaining, and if it was sacrificed they have only to blame themselves. The reservation of the rights of the party was made on the supposed delivery which was to take place, and clearly relates exclusively to the rights on the property, which were not to be prejudiced by the delivery. But the sale made at the request of the plaintiffs, and the receipt of the proceeds by them without reservation, shows that they took the

*Where the plaintiffs claim the value of certain property, seized by the defendants, as belonging to the common debtor, and consent that it be sold and receive the proceeds, they cannot recover the real value from the seizing creditors if it was sacrificed.*

property to themselves ; and after this, we think, they are estopped from claiming from the appellees its value.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs, so far as relates to the appellees.